Thank you, Judge. May it please the Court, my name is Daniel Kaplan. I represent the appellant Nicolas Aguilar-Montoya. I'm going to be watching the clock and attempt to save two minutes of my time for rebuttal. Counsel, as I understand it, please correct me if I'm wrong, you have two issues. One is prosecutorial misconduct and the other is the sentencing on acquitted conduct. Correct. And on the second issue, you recognize that we are bound by a circuit court opinion, our opinion. Correct. And you're preserving that issue, but you're not – you recognize that we can't overrule it. That's correct. Thank you. So I will begin with the issue of the prosecutorial statements in the closing argument. In the Young case, the Supreme Court noticed that when a prosecutor injects his or her personal opinion into the argument made to the jury, it raises two inherent dangers. The first danger is that it can jeopardize the defendant's right to be tried solely on the basis of the evidence presented in trial, because it conveys to the jury the impression that the prosecutor's opinion, personal opinion, is based on or may be based on evidence that was not presented in trial but is known to the prosecutor because of that person's role within the government prosecutorial structure. The second danger is that the prosecutor's opinion necessarily carries the imprimatur of the government and may therefore induce the jury to trust the government's judgment rather than its own assessment of the evidence. Because of these dangers of a prosecutor introducing a personal opinion before the jury, the Supreme – this Court in the Hermanic case – Well, that's an interesting question, but there are two different aspects that you've mentioned. One is that the prosecutor wants the jury to think that he knows things and you should rely on the things he's saying because he has information. That's fairly – it's somewhat easy to understand, although not necessarily when applied to the facts here. The second is that the government believes that the man is guilty. Would the government have brought the charges if they didn't and take him into trial if they didn't believe he was guilty? Well, the problem enters in when the prosecutor doesn't appear to be speaking simply as a representative of the government helping the jury understand the evidence, but as an individual person who has a personal opinion. Tell us exactly what the prosecutor said that you found objectionable. Well, there were a large number of comments, and I could – I could read them all. It would take a while, but the basically – What were the most significant ones? I wouldn't say that there's a particular comment. None of these individual comments viewed individually is the kind of thing that shocks the conscience. I will concede that. The problem is that what the prosecutor did was he ran through all of the elements of the two counts on which Mr. Aguilar Montoya was convicted. And when he reached each element, and I went through and I mapped them, for each element with only – that I saw two exceptions, he said, here's the next thing you would need to find. And then he said, can you find that? And then he used the phrase, of course. He said, of course. So, for example, when he was talking about count two, that's possession with intent to distribute marijuana, there were two elements the jury was instructed on. The first was knowing possession of marijuana in a measurable or detectable amount. In discussing those elements in the closing argument, the prosecutor said, as to knowingly, he said, of course he knew it's marijuana. That's page 239. And then as far as measurable or detectable amount, he said, you saw it here, you held it. Is that measurable or detectable? Of course. That's page 240. The second element of count two was the possession was with the intent to deliver the marijuana to another person. And then discussing that element, the prosecutor says, look at the amount of the drugs. I'm paraphrasing and then quoting here. I mean, someone may like drugs, but no one can consume that quantity of drugs. Of course. Page 240. Now, I could run through in count one, which he discussed after count two, there were two elements for finding it in the standard fashion. When he discussed the first element, was there an agreement? The first count was conspiracy to possess with intent to distribute. So when he discussed the existence of an agreement, he said, of course there was an agreement. Page 243. He didn't say, of course, about the second element, but then he turned to the second way of finding guilt on count one, which was the Pinkerton version. And that had five elements. And for four out of those five elements, he either said, of course that element is shown, or in one case he said, well, this was the case, right. So the problem that I'm suggesting with those two ways of saying things, of course, and saying this is the case, right. Is that because, what, your position that of course infers what? That it's based upon some secret knowledge, not on the record? Is that the problem with using of course? It could, you know, mean, well, of course the evidence shows. If he added of course the evidence shows, it would be okay, wouldn't it? If he said of course the evidence shows in each case just like that, it would probably be okay. Probably. Undoubtedly. I think you would have to look at all the circumstances, but that would certainly make it less of a concern. And that's not the way he says it. So it's the fact that it leaves something to implication? It's the fact that when he phrases it as of course this element is shown, or of course that was the case, he's phrasing it in a way that suggests his personal view is it's obvious to him. So he's inserting. Well, you know, let's assume, and I think it's correct, that that's one possible interpretation of the term unmodified term, of course. But as I try to suggest, there are other reasonable implications, too. So why should we, like, draw the, you know, adverse inference? Well, first of all, was there an objection? There was no objection. And I can say this is under plan air standard. So why should we draw an adverse, you know, inference, then, instead of the, what someone considers just an ordinary reasonable inference? Well, what I think distinguishes this case, in each case the comments have to be viewed individually in their context of the other comments and all the evidence. But what's significant about this case is the jury convicted on two counts and acquitted on two counts. On the two counts the jury convicted on, the prosecutor ---- Which could, you know, lead one to infer that, well, they did base their verdict on the evidence, right? That's a reasonable inference. Not on the of courses. That's a reasonable inference. It's also the case, Judge Reinhart pointed out in the Smith case, that it shows the evidence wasn't overwhelming and it tends to counteract the idea that it couldn't have made any difference. What's significant about this case is that not just that the prosecutor said of course or said of course once or twice, but that he marched through every element on the two counts of conviction and said of course for virtually every single one of them. I think that's what really sets this case apart. And I will reserve the balance of my time unless there are further questions right now. Thank you. Ma'am, please recall I am Randall Howard representing the government in this matter. As Judge Teshima noted, this court must look at this issue through the lens of playing error. There was no error here because the prosecutor was simply using the words right and of course as signposts for the inferences that the government believed that the evidence showed. So there really was no error in the prosecutor's statements. More than that, the court instructed the jurors that what the lawyers argued was not evidence and they were to rely on their own recollection of the evidence to determine whether the government had proved the elements beyond a reasonable doubt. And thirdly, also as Judge Teshima noted, the jurors acquitted the defendant of two of the four charges. So the prosecutor's use of the words right and of course did not unduly or unfairly prejudice them. If there are no further questions, thank you. Thank you, counsel. This individual has completed his sentence? No. I believe the person is still in custody. How much longer? The projected release date is July 19, 2012. And then presumably he will be deported to Mexico. The other method of phrasing things that the prosecutor used, which I hadn't touched on, of course was a clear you're not suggesting that this is the first of the two forms of prosecutorial misconduct or vouching you described. You're not saying by saying of course the prosecutor was relying on his own information that wasn't in the record. You're saying that this shows that the government is asserting its belief in guilt? Well, what I'm saying is it's necessarily implied or the danger is raised, as the Supreme Court observed in Young, that when the prosecutor conveys to the jury an argument that seems to be expressing a personal opinion and not simply asking them to draw inferences from the evidence, it necessarily raises the danger the jury may say, well, I bet I know why that prosecutor seems personally convinced. He must know stuff that we don't know about. But if he simply sets forth the evidence and then says that evidence proves element X, is that improper? No, that's absolutely appropriate. And if that was all that happened here, that wouldn't have been an issue to raise. As the Court described it in the Harmonic case, the prosecutor's closing argument not only must be based in the evidence, but it must be phrased in such a manner that it is clear to the jury that the prosecutor is summarizing evidence rather than inserting personal knowledge and opinion into the case. So what crosses the line is the way of phrasing things, saying, repeatedly saying, of course this is the case, is tending to express what appears to be a personal opinion, and then saying this is the case, right, is basically saying this is my opinion, don't you agree with me? If there are no further questions. Thank you. Thank you. The case is submitted.
judges: Fletcher, Reinhardt, Tashima